**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In re:                                  *         Case No. 24-55161
    Mary Ann Scheibal
                                 *         Judge:  NAMI KHORRAMI
    Heather F. Scheibal
                 Debtors          *         Ch. 13

**STATEMENT IN SUPPORT OF CONFIRMATION**

Now come the Debtors, through counsel, to provide information supporting confirmation of their proposed Chapter 13 Plan. The Debtors represent the following to the Court:

**Best Interests of Creditors**

1.  Per the third non-standard provision and to satisfy the Best Interests Test of § 1325(a)(4), the Debtors' plan will pay a minimum distribution of $338,869.90 to general unsecured creditors, which was calculated in consultation with the Chapter 13 Trustee to determine what creditors would receive in a hypothetical Chapter 7 case.

2.  The following table shows calculation amount of non-exempt property available for distribution to unsecured creditors in a hypothetical Chapter 7 liquidation:

| Non-Exempt Equity or Property Recoverable: | | | |
|---|---|---|---|
| Real Estate (FMV): | | $1,100,000.00 | |
| *less mortgage payoff* | | $631,920.23 | |
| *less exempt* | | $322,750.00 | |
| *less 10% Costs of Sale* | | $110,000.00 | |
| | Home equity | | $35,329.77 |
| Personal Property (after exemptions): | 2013 Lexus | | $4,700.00 |
| | 2023 Mazda | | $16,837.00 |
| | Safe Deposit Coins | | $50.00 |
| | Chase Checking | | $47,636.17 |
| | 5/3 Money Market | | $50,983.10 |
| | Chase Checking | | $2,844.14 |
| | Chase Savings | | $7,514.76 |
| | Chase Brokerage | | $172,974.96 |
| | | | |
| ***Total Funds Required for Best Interest*** | - | | **$338,869.90** |
| **Total Unsecured Claims:** | | | **$3,306,919.02** |
| **Best Interest Divided:** | | | **10.25%** |

3. The amount determined in the table above was similarly calculated by the Chapter 13 Trustee to reach agreement as to the minimum amount required to be distributed in the best interest of creditors—the Debtors plan provides for a "pot" paying more than required by § 1325(a)(4) and paying 13.52% per the claims filed because it also accounts for disposable income.

4. Non-standard provisions one and two, along with Sec. 9.2 of the plan, further ensure that the Debtors' plan satisfies § 1325(a)(4) by requiring the distribution of additional monies recovered to unsecured creditors, such as any funds refunded from the secured retainer held by Ice Miller for representation regarding claims asserted by Creditor Mark Dottore (a state-court receiver).

5. The Debtors also specified the minimum amount to be paid in the best interests of creditors in the third non-standard provision rather than specifying a percentage due to the adversary proceeding by Creditor Mark Dottore where his disputed claim may be greatly reduced, which would result in a vastly higher percentage paid to unsecured creditors.

### Contribution of Social Security Benefits to Enable Retention of their Home

6. The Debtors' plan proposes retention of their home with a $4,726.00 monthly payment by contributing $3,646.72 per month from Mary Scheibal's social security benefit to the household budget.

7. The Debtor's social security benefit is excluded from calculation of the Debtors' current monthly income by § 101(10A) and not required to be contributed to the household for "good faith" by § 1325(a)(3); however, the Debtor is permitted to use her social security benefit to support retention of property that otherwise would not be permitted.

8. As above-median debtors, the IRS standards allow for $1,389.00 to be deducted from the Debtors' current monthly income for mortgage expenses.  Although Debtors' mortgage payment is $3,337.00 more than the mortgage expense allowed by the applicable IRS standard, the Debtor's dedication of $3,646.72 from her social security benefit to the household is to support retention of the home and is in good faith as required by § 1325(a)(3).

9. Creditor Dottore's "Statement" (Doc. 52) asserting otherwise and appearing to be an objection will be addressed appropriately in a separate response. However, his assertions were not timely raised by the May 19th deadline under circumstances where Mr. Dottore's counsel made their appearance on January 6, 2025 (Doc. 13), attended the Meeting of Creditors and questioned the Debtors on February 5, 2025, and filed an adversary complaint on February 19, 2025..

                    Respectfully submitted,

                    /s/ Michael A. Cox
                    Michael A. Cox (0075218)
                    Guerrieri Cox & Associates
                    3478 N. High Street, Suite 100
                    Columbus, Ohio  43214
                    614.267.2871
                    Fax to: 614.267.2871
                    coxecf@gcdebt.com
                    Attorney for Debtor

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **Statement in Support of Confirmation** was served (i) electronically on the date of filing through the court's ECF System on all participants registered in this case at the email address registered with the court and (ii) on the parties in interest listed below on **July 15, 2025,** in the manner specified below:

The following Parties in Interest were served via ordinary U.S. Mail:

Mary and Heather Scheibal
2626 Sweet Clover Lane
Galena, OH 43021

                    /s/ Michael A. Cox
                    Michael A. Cox (0075218)